(118 App. Div. 38)

## PEOPLE v. BROWNE.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

CRIMINAL LAW—APPEAL—RECORD—NOTING EXCEPTIONS.

On refusal by the trial court in a criminal prosecution to give certain instructions as requested, counsel stated that he would except to such refusal of each request specifically in the language requested, and then inquired whether he should read the requests. Upon the court's replying in the negative, with the statement that the requests were before him, counsel stated that they would be given to the stenographer to be copied in the record, in which procedure the court acquiesced. Held, that defendant was entitled to have an exception noted after each of such requested instructions in the record on appeal, though the exceptions did not appear in the stenographer's minutes.

Appeal from Court of General Sessions, New York County. ·

Henry Huffman Browne was convicted of crime, and appeals from an order denying a motion to resettle case on appeal. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Clark L. Jordan, for appellant.

E. Crosby Kindleberger, for respondent.

McLAUGHLIN, J. This appeal relates solely to a question of practice. The learned district attorney proposed certain amendments to defendant's proposed case on appeal, some of which were allowed, and thereafter defendant's counsel moved to resettle the case by restoring what had been stricken out. The motion to resettle was denied in part, and he appeals from that part of the order.

At the beginning of the charge to the jury the trial judge stated that he had been asked by defendant's counsel to charge certain propositions, some of which he would charge, and some of which he would not. Some of these propositions he charged, and then stated:

"I charge all of the paragraphs requested that I have read. I shall decline all of your other requests here, Mr. Chanler, except as I shall hereafter charge them."

Thereupon the following colloquy between court and counsel took place:

"Mr. Chanler: I take an exception to your honor's refusal to charge each and every request specifically in the language requested, and does your honor wish me to read these requests out loud or not?

"The Court: No; your requests are here before me.

"Mr. Chanler: Very well. They will be given to the stenographer, and he will copy them in the record?

"The Court: Yes, sir."

The requests referred to were not thereafter charged, except as to possibly some of them in a qualified form, and nothing further was done with reference to them until the making of the proposed case on appeal, when these requests were inserted, and after each appeared an exception to the ruling of the court. The amendments proposed by the district attorney, complained of, consisted in striking out these exceptions, and the motion to resettle was to have them restored, to the end that the case on appeal, when finally printed, would show that an exception was taken to the ruling of the court with reference to each one of them. The trial court, in the order appealed from, refused to restore them, upon the ground, as appears from his memorandum, that such "exceptions" did not appear in the stenographer's minutes. But this is no reason why the case should not be made up so as to tell the truth. The facts are not disputed, and there cannot be any doubt as to what counsel intended, nor but that the court understood his intention. It was to except to each refusal to charge in the language requested, and both court and counsel seem to have understood that the requests to charge, which had been refused, should go into the record with the exception which was taken. To permit the

case on appeal to be printed in such a way that an appellate court can only determine what requests were charged by comparing the requests as made with the charge as made is not fair to the defendant nor to the appellate court. It is not a proper way to present what took place. The trial court knows whether or not he charged defendant's requests, and he is the one to indicate, after each one of the requests as made, whether charged, qualified, modified, or denied. The purpose of a record on appeal is to tell precisely what took place at the trial, in so far as alleged errors sought to be presented are concerned. To say, in view of what took place at this trial, that an exception was not taken to each refusal to charge, or to leave it in doubt because defendant's attorney did not, at the close of the whole charge, specifically take an exception in each case, is to play upon words, sacrifice substance to form, and sanction a practice which ought not to be tolerated.

Whenever it appears that an exception has been taken, or attempted to be taken, to an adverse ruling, of which the court has full knowledge, the party against whom the ruling is made, if a record be thereafter made on appeal, should have the benefit of it. Courts usually look with disfavor upon technicalities, and the law abhors them. The object to be attained in every legal trial, civil or criminal, is justice, and, if injustice has been done, it certainly cannot be cured either by making or enforcing technical rules of practice.

For these reasons, I think the order, in so far as appealed from, should be reversed, and the motion granted. All concur.